**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

DAVID THOMAS,

      Plaintiff,

    v.

THE PNC FINANCIAL SERVICES GROUP,
INC.; PNC FINANCIAL SERVICES GROUP,
INC. HR OPERATIONS; and PNC
FINANCIAL SERVICES GROUP, INC. -
101 S. FIFTH STREET,

      Defendants.

Case No. 3:26-cv-320-CHB

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT

Defendant, PNC Bank, National Association ("PNC Bank, N.A.") [1] (hereinafter "PNC"),

by its attorneys, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, submits

its Answer and Affirmative and Other Defenses to Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

### COMPLAINT ¶1:

The acts and/or omissions complained of herein occurred in Louisville, Jefferson County,
Kentucky.

---

[1] Plaintiff was employed by PNC Bank, N.A., not The PNC Financial Services Group, Inc..
Throughout the answer where it states "PNC" it is referring to the proper defendant, PNC Bank,
N.A. PNC Financial Services Group, Inc. HR Operations and PNC Financial Services Group, Inc.
– 101 S. Fifth Street are not legal entities or proper defendants and therefore no answer is being
provided on their behalf.

**ANSWER:**

PNC admits the allegations in Paragraph No. 1 of the Complaint for jurisdictional purposes only. PNC denies the remaining allegations in Paragraph No. 1 of the Complaint and denies it engaged in any wrongdoing and that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶2:**

This action arises under the law of the United States of America, particularly under the provisions of 29 USC §2601 *et seq.,* also known as the "Family and Medical Leave Act."

**ANSWER:**

PNC admits the allegations in Paragraph No. 2 of the Complaint, but denies it violated the Family and Medical Leave Act ("FMLA") and denies Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶3:**

This Court possesses jurisdiction for this case under the provisions of Title 28 of the United States Code, §1331 and §1343.

**ANSWER:**

PNC admits the allegations in Paragraph No. 3 of the Complaint.

**COMPLAINT ¶4:**

This action arises under the law of the United States of America, particularly under the provisions of 29 USC §2601 *et seq.,* also known as the "Family and Medical Leave Act."

**ANSWER:**

PNC admits the allegations in Paragraph No. 4 of the Complaint, but denies it violated the FMLA and denies Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶5:**

This Court possesses jurisdiction for this case under the provisions of Title 28 of the United States Code, §1331 and §1343.

**ANSWER:**

PNC admits the allegations in Paragraph No. 5 of the Complaint.

**COMPLAINT ¶6:**

This action further arises under Kentucky's Civil Rights Act, KRS 344.010, *et seq.*, jurisdiction is conferred over Defendant pursuant to KRS 344.010, *et seq.*, and jurisdiction exists in this Court by virtue of the fact that the Plaintiff's damages exceed the minimum jurisdictional threshold of this Court.

**ANSWER:**

PNC admits that Plaintiff purports to bring this action under the Kentucky Civil Rights Act, KRS 344.010, *et seq.*, and that this Court has jurisdiction over Plaintiff's Kentucky state law claim. PNC denies the remaining allegations in Paragraph No 6 of the Complaint, denies it violated Kentucky law, and that Plaintiff is entitled to any relief whatsoever.

**PARTIES**

**COMPLAINT ¶7:**

Plaintiff, David Thomas, was, and at all times relevant hereto is, a resident of the city of Franklin County, Kentucky.

**ANSWER:**

On information and belief, PNC admits the allegations in Paragraph No. 7 of the Complaint.

**COMPLAINT ¶8:**

Defendant, The PNC Financial Services Group, Inc., was, and at all times relevant hereto is, a foreign company doing business, and thus capable of being sued, in Kentucky, with its principal place of business located at 300 Fifth Avenue, Pittsburgh, PA 15222.

**ANSWER:**

The PNC Financial Services Group, Inc., is not a proper defendant as it did not employ Plaintiff. PNC, as Plaintiff's employer. admits that it does business and is capable of being sued in the state of Kentucky and has a principal place of business located at 300 Fifth Avenue, Pittsburgh, PA 15222. PNC denies the remaining allegations in Paragraph No. 8 of the Complaint.

3

**COMPLAINT ¶9:**

Defendant, PNC Financial Services Group, Inc. HR Operations, was, and at all times relevant hereto is, a foreign company doing business, and thus capable of being sued, in Kentucky, with its principal place of business located at 1900 East 9th Street, BY-YB13-15-1, Cleveland OH, 44114.

**ANSWER:**

PNC Financial Services Group, Inc. HR Operations is not a legal entity or proper defendant

and on that basis PNC denies the allegations in Paragraph No. 9 of the Complaint.

**COMPLAINT ¶10:**

Defendant, PNC Financial Services Group, Inc – Bank Location – 101 S. Fifth Street, Louisville, Kentucky 40202, was, and at all times relevant hereto is, a foreign company doing business, and thus capable of being sued, in Kentucky, with a place of business located at 101 S. Fifth Street, Louisville, KY 40202.

**ANSWER:**

PNC Financial Services Group, Inc. – Bank Location – 101 S. Fifth Street , Louisville,

Kentucky is not a legal entity or proper defendant and on that basis PNC denies the allegations in

Paragraph No. 10 of the Complaint.

## FACTS

**COMPLAINT ¶11:**

Defendant, PNC Group, is a national company which has hundreds of branches throughout the United States and that services patrons and the general public with different services such as personal banking, business banking, wealth management, and asset management.

**ANSWER:**

The PNC Financial Services Group, Inc. is not a proper defendant in this action as it did

not employ Plaintiff and does not have hundreds of branches that service patrons throughout the

United States.  PNC admits it has hundreds of branches throughout the United States that provide

patrons with different services, such as personal banking, business banking, wealth management,

4

and asset management. PNC denies the remaining allegations in Paragraph No. 11 of the Complaint.

**COMPLAINT ¶12:**

Defendant, HR Operations is a part of, branch of, and/or subsidiary of Defendant, PNC Group, that controls, manages, supervises, has hiring and firing capabilities, and/or otherwise helps manage personnel decisions for Defendants, PNC Group and/or PNC Fifth Street.

**ANSWER:**

The PNC Financial Services Group - HR Operations is not a legal entity or proper defendant and on that basis PNC denies the allegations of Paragraph No. 12 of the Complaint. PNC admits it has an HR department that, at times, "helps manage personnel decisions" but denies the remaining allegations in Paragraph No. 12 of the Complaint.

**COMPLAINT ¶13:**

Defendant, PNC Fifth Street, is a part of, branch of, and/or subsidiary of Defendant, PNC Group, where Plaintiff presented for work, performed employee services for, and/or otherwise employed Plaintiff and where Plaintiff worked for over three (3) years.

**ANSWER:**

The PNC Financial Services Group, Inc. – 101 S. Fifth Street – is not a legal entity or proper defendant and on that basis PNC denies the allegations of Paragraph No. 13 of the Complaint.  PNC admits that it employed Plaintiff for over three years but denies the remaining allegations in Paragraph No. 13 of the Complaint.

**COMPLAINT ¶14:**

Reiterated, Plaintiff was employed by PNC Group's bank branch located at 101 S. Fifth Street, in Louisville, Kentucky.

**ANSWER:**

The PNC Financial Services Group, Inc. does not have a bank branch located at 101 S. Fifth Street, in Louisville, Kentucky, that employed Plaintiff and on that basis PNC denies the allegations of Paragraph No. 14 of the Complaint,  PNC admits that it employed Plaintiff at a

branch located at 101 S. Fifth Street, Louisville, Kentucky but denies the remaining allegations in Paragraph No. 14 of the Complaint.

**COMPLAINT ¶15:**

Plaintiff worked full-time, forty (40) plus hours a week at approximately $20.58/hour from September 2021 until he was terminated on or about April 8, 2025.

**ANSWER:**

PNC admits Plaintiff was a full-time employee from September 2021 until his termination of employment on April 8, 2025. PNC denies the remaining allegations in Paragraph No. 15.

**COMPLAINT ¶16:**

In November 2024 Plaintiff was issued a written warning for performance issues even though Plaintiff was not adequately trained in a couple of areas of the job Defendants wanted Plaintiff to perform.

**ANSWER:**

PNC admits Plaintiff was issued a written warning in November 2024. PNC denies the remaining allegations in Paragraph No. 16 of the Complaint.

**COMPLAINT ¶17:**

Plaintiff was promised training meetings that did not occur.

**ANSWER:**

PNC denies the allegations in Paragraph No. 17 of the Complaint.

**COMPLAINT ¶18:**

Despite inadequate training Plaintiff was put on probation in January 2025 for claimed performance issues.

**ANSWER:**

PNC denies the allegations in Paragraph No. 18 of the Complaint.

**COMPLAINT ¶19:**

Plaintiff underwent hip replacement surgery on February 6, 2025.

**ANSWER:**

PNC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 19 of the Complaint.

**COMPLAINT ¶20:**

As a result of the hip replacement surgery Plaintiff sought and was approved FMLA Leave until March 31, 2025.

**ANSWER:**

PNC admits Plaintiff sought and was approved for FMLA leave and returned to work from said leave on March 31, 2025. PNC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph No. 20 of the Complaint.

**COMPLAINT ¶21:**

Directly after Plaintiff returned from Plaintiff's FMLA Leave, Defendants terminated Plaintiff's employment with Defendants on or about April 8, 2025.

**ANSWER:**

PNC admits Plaintiff's employment was terminated on April 8, 2025. PNC denies the remaining allegations in Paragraph No. 21 of the Complaint.

**COMPLAINT ¶22:**

Plaintiff was terminated for alleged performance related issues.

**ANSWER:**

PNC admits Plaintiff's employment was terminated for performance related issues. PNC denies the remaining allegations in Paragraph No. 22 of the Complaint.

**COMPLAINT ¶23:**

Plaintiff could not have performed his job duties while being out on FMLA Leave.

7

**ANSWER:**

PNC admits Plaintiff did not perform his job duties while on FMLA leave. PNC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph No. 23 of the Complaint.

**COMPLAINT ¶24:**

Plaintiff was the only male on his team with the Defendant(s).

**ANSWER:**

PNC denies the allegations in Paragraph No. 24 of the Complaint.

**COMPLAINT ¶25:**

Plaintiff had accrued one-hundred twenty (120) hours of vacation time when Defendant(s) terminated Plaintiff's employment.

**ANSWER:**

PNC denies the allegations in Paragraph No. 25 of the Complaint.

**COMPLAINT ¶26:**

Following termination of his employment with Defendant(s) Plaintiff was only compensated for forty (40) hours of his accrued vacation time.

**ANSWER:**

PNC admits Plaintiff was paid 40 hours of accrued vacation time following his termination of employment. PNC denies the remaining allegations in Pargagraph No. 26 of the Complaint.

**COUNT I**
**FMLA DISCRIMINATION, TERMINATION, AND INTERFERENCE**

**COMPLAINT ¶27:**

Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

**ANSWER:**

PNC repeats each statement made in response to each of the preceding paragraphs as if the same were set forth at length herein.

**COMPLAINT ¶28:**

That the aforementioned conduct of Defendant(s) is in direct violation of 29 USC § 2601 *et seq.* and, in particular, 29 USC § 2615, which forbids interference, discrimination, and retaliation against an employee for exercising rights under FMLA.

**ANSWER:**

PNC denies the allegations in Paragraph No. 28 of the Complaint.

**COMPLAINT ¶29:**

Plaintiff was terminated as a result of his taking approved and lawful FMLA leave to recover from a serious medical condition, namely hip replacement surgery, in direct violation of 29 USC § 2615.

**ANSWER:**

PNC denies the allegations in Paragraph No. 29 of the Complaint.

**COMPLAINT ¶30:**

Plaintiff's requests for FMLA leave and/or actions in taking FMLA leave (i.e. Plaintiff's actions in exercising his rights under the Act) were substantial motivating factors in the adverse employment action taken by Defendant(s) terminating Plaintiff's employment.

**ANSWER:**

PNC denies the allegations in Paragraph No. 30 of the Complaint.

**COMPLAINT ¶31:**

Having said all the above, Defendant(s) retaliated against Plaintiff by terminating his employment as a result of Plaintiff requesting and taking approved and lawful FMLA leave.

**ANSWER:**

PNC denies the allegations in Paragraph No. 31 of the Complaint.

**COMPLAINT ¶32:**

As a direct and proximate result of Defendant(s)' wrongful and illegal termination, which occurred in the absence of good faith, Plaintiff is entitled to lost employment benefits, lost wages, reinstatement and/or front pay in lieu of same, compensatory damages, actual damages, and costs of this lawsuit, including a reasonable attorney fee, as well as interest on all claimed damages, all pursuant to 29 USC § 2617.

**ANSWER:**

PNC denies the allegations in Paragraph No. 32 of the Complaint.

**COMPLAINT ¶33:**

Pursuant to 29 USC § 2617(a)(1)(A)(iii), and as a direct and proximate result of Defendant(s)' wrongful and illegal termination of Plaintiff's employment, which occurred in the absence of good faith, Plaintiff is entitled to additional liquidated damages equal to the sum of the damages incurred for lost wages, lost salary, lost employment benefits and other lost compensation along with interest at the prevailing rate.

**ANSWER:**

PNC denies the allegations in Paragraph No. 33 of the Complaint.

**COUNT II**
**FMLA INTERFERENCE AND RETALIATION**

**COMPLAINT ¶34:**

Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

**ANSWER:**

PNC repeats each statement made in response to each of the preceding paragraphs as if the

same were set forth at length herein.

**COMPLAINT ¶35:**

The aforementioned adverse conduct of Defendant(s) is in direct violation of 29 USC § 2601 *et seq.* and, in particular, 29 USC § 2615, which forbids interference, discrimination, and retaliation against an employee for exercising rights under FMLA.

**ANSWER:**

PNC denies the allegations in Paragraph No. 35 of the Complaint.

**COMPLAINT ¶36:**

Plaintiff was entitled to FMLA leave and benefits for the above-stated reasons and Defendant(s) wrongfully and illegally denied (i.e. interfered with) said entitlements by terminating Plaintiff's employment in direct violation of 29 USC § 2615.

**ANSWER:**

PNC denies the allegations in Paragraph No. 36 of the Complaint.

**COMPLAINT ¶37:**

Pursuant to 29 USC § 2617(a)(1)(A)(iii), and as a direct and proximate result of Defendant(s)' wrongful and illegal interference with Plaintiff's FMLA rights, which occurred in the absence of good faith, Plaintiff is entitled to additional liquidated damages equal to the sum of the damages incurred for lost wages, lost salary, lost employment benefits and other lost compensation along with interest at the prevailing rate.

**ANSWER:**

PNC denies the allegations in Paragraph No. 37 of the Complaint.

**COUNT III**
**SEXUAL HARRASSMENT [SIC]/HOSTILE WORK ENVIRONMENT**

**COMPLAINT ¶38:**

Plaintiff hereby incorporates herein by reference all preceding paragraphs hereinabove.

**ANSWER:**

PNC repeats each statement made in response to each of the preceding paragraphs as if the same were set forth at length herein.

**COMPLAINT ¶39:**

That Plaintiff was an agent, servant, and/or employee of Defendant(s), and Plaintiff was subjected to unwelcome sexual harassment and/or unlawful treatment by employee(s) of Defendant(s); said harassment and/or unlawful treatment was based upon Plaintiff's sex, male, and/or sexual origin, homosexual; said sexual harassment had the effect of unreasonably interfering with Plaintiff's work performance and created an intimidating, hostile and/or offensive work environment; Plaintiff timely notified Defendant(s)' management of this harassment and Defendant(s) had actual notice of said harassment, and there exists *respondeat superior* liability; and/or Defendant(s) are "intentionally liable" for the conduct of their supervisory management in failing to take prompt and appropriate corrective action; all in violation of KRS § 344.010, *et seq.*

11

**ANSWER:**

PNC denies the allegations in Paragraph No. 39 of the Complaint.

**COMPLAINT ¶40:**

That as a direct and proximate result of this sexually hostile work environment and conduct by Defendant(s), Plaintiff is entitled to lost wages, reinstatement and/or front pay in lieu of same, compensatory damages, embarrassment, humiliation and mental anguish, his actual damages, and his costs of this lawsuit, including a reasonable attorney's fee pursuant to KRS § 344.450.

**ANSWER:**

PNC denies the allegations in Paragraph No. 40 of the Complaint.

**COUNT IV**
**RETALIATION IN VIOLATION OF KRS § 344.280**

**COMPLAINT ¶41:**

Plaintiff hereby incorporates herein by reference all preceding paragraphs hereinabove.

**ANSWER:**

PNC repeats each statement made in response to each of the preceding paragraphs as if the

same were set forth at length herein.

**COMPLAINT ¶42:**

During Plaintiff's employment with Defendant(s), Plaintiff made good faith complaints to employees, agents, servants, and/or officials of Defendant(s) regarding sexual harassment and a hostile work environment which Plaintiff was, in fact, experiencing.

**ANSWER:**

PNC denies the allegations in Paragraph No. 42 of the Complaint.

**COMPLAINT ¶43:**

By Plaintiff making good faith complaints to his immediate supervisor regarding sexual harassment and/or a hostile work environment, Plaintiff was engaged in activity protected by KRS § 344.010, *et seq.*, as described above, and Defendant(s) retaliated against Plaintiff for doing so, in direct violation of KRS § 344.280.

**ANSWER:**

PNC denies the allegations in Paragraph No. 43 of the Complaint.

**COMPLAINT ¶44:**

Moreover, Defendant(s) directly participated in both the sexual harassment and/or retaliation by management by terminating Plaintiff, through plaintiff's immediate supervisor, in the above-described fashion.

**ANSWER:**

PNC denies the allegations in Paragraph No. 44 of the Complaint.

**COMPLAINT ¶45:**

Defendant(s) and their employees, agents, servants, and/or officials have intentionally and unlawfully retaliated against Plaintiff in the terms, conditions, and privileges of Plaintiff's employment in various ways (*i.e.* subjected Plaintiff to adverse employment actions), many but not all of which are described above, as well as expressly terminating Plaintiff in substantial part because of Plaintiff's participation in a protected activity and/or in retaliation for Plaintiff's numerous complaints of sexual harassment and/or a hostile work environment, and retaliation, in violation of KRS § 344.010 *et seq*.

**ANSWER:**

PNC denies the allegations in Paragraph No. 45 of the Complaint.

**COMPLAINT ¶46:**

The foregoing conduct of Defendant(s) violates Kentucky's Civil Rights Act, KRS § 344.010 *et seq.*, specifically including but not limited to KRS § 344.280.

**ANSWER:**

PNC denies the allegations in Paragraph No. 46 of the Complaint.

**COMPLAINT ¶47:**

As a direct and proximate result of the foregoing conduct, Plaintiff has suffered and continues to suffer, embarrassment, humiliation, and mental anguish all in excess of the jurisdictional limits of this Court.

**ANSWER:**

PNC denies the allegations in Paragraph No. 47 of the Complaint.

**COMPLAINT ¶48:**

As a direct and proximate result of the retaliatory conduct, Plaintiff is entitled to damages, including a attorney's fees pursuant to KRS § 344.450.

**ANSWER:**

PNC denies the allegations in Paragraph No. 48 of the Complaint.

**COUNT V**
**VIOLATION OF KRS 337.055 AND KRS 337.385 – UNPAID WAGES**

**COMPLAINT ¶49:**

Plaintiff hereby incorporates herein by reference all preceding paragraphs hereinabove.

**ANSWER:**

PNC repeats each statement made in response to each of the preceding paragraphs as if the

same were set forth at length herein.

**COMPLAINT ¶50:**

At the time of the termination of Plaintiff's employment by the Defendant(s) Plaintiff was owed at least eighty (80) hours of accrued vacation pay.

**ANSWER:**

PNC denies the allegations in Paragraph No. 50 of the Complaint.

**COMPLAINT ¶51:**

Defendant(s), as an employer, failed and refused to pay Plaintiff the agreed upon accrued vacation pay per the parties' employment agreement and per Defendant(s)' policies in violation of KRS 337.055.

**ANSWER:**

PNC denies the allegations in Paragraph No. 51 of the Complaint.

**COMPLAINT ¶52:**

As a direct and proximate result of Defendant(s)' non-payment of Plaintiff's vacation time, Plaintiff has suffered loss of compensation and related damages.

**ANSWER:**

PNC denies the allegations in Paragraph No. 52 of the Complaint.

14

**COMPLAINT ¶53:**

Plaintiff is entitled to recover unpaid compensation, liquidated damages, attorney's fees, and costs under KRS 337.385.

**ANSWER:**

PNC denies the allegations in Paragraph No. 53 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, David Thomas, demands judgment on his Complaint against all Defendants, jointly and severably, in an amount sufficient to invoke the jurisdiction of This Honorable Court, and, in addition, Plaintiff also demands the following:

1.      A trial by jury on all issues triable;

2.      Compensatory damages;

3.      For Plaintiff's costs herein expenses including a reasonable attorney's fee; and

4.      Any and all other relief to which Plaintiff may otherwise be properly entitled.

**ANSWER:**

This Paragraph constitutes Plaintiff's prayer for relief and request for a jury trial, to which no response is required. To the extent a response is required, PNC denies that Plaintiff is entitled to the relief set forth in the Prayer for Relief, or relief of any kind from PNC, and denies that Plaintiff presents any issues triable to a jury.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

### SECOND DEFENSE

All employment actions taken with respect to Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons.

### THIRD DEFENSE

15

To the extent Plaintiff alleges that any employee of PNC acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by PNC, and was undertaken without the knowledge or consent of PNC. Thus, PNC is not liable for any such conduct, if it occurred.

### FOURTH DEFENSE

PNC asserts that even if some impermissible motive was a factor in any employment decision concerning Plaintiff, a claim that PNC expressly denies, the same decision(s) would have been reached for legitimate business reasons.

### FIFTH DEFENSE

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because PNC exercised reasonable care to prevent and promptly correct any alleged discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities.

### SEVENTH DEFENSE

To the extent Plaintiff failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

### EIGHTH DEFENSE

Plaintiff is not entitled to liquidated damages because Defendant made good faith efforts to comply with all applicable laws.

### NINTH DEFENSE

16

To the extent that Plaintiff failed to exhaust administrative remedies, his claims are barred in whole or part.

## TENTH DEFENSE

PNC at all times, and in all manners, acted in accordance with any and all duties and obligations that it may have had under the laws, regulations, and/or public policy of the United States of America and the state of Kentucky, or otherwise.

## ELEVENTH DEFENSE

Plaintiff's own culpable conduct caused, in whole or in part, any damages he allegedly suffered.

## TWELFTH DEFENSE

PNC at all times, and in all manners, complied with applicable wage laws and properly compensated Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of after-acquired evidence.

WHEREFORE, PNC respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award PNC its reasonable costs, expenses, and any and all other relief the Court deems just and proper.

17

DATED: June 5, 2026

Respectfully submitted,

PNC BANK, N.A.

By: */s/ Kathleen C. Tranter*
      Kathleen C. Tranter (KY Bar No. 95316)
      ktranter@seyfarth.com

      SEYFARTH SHAW LLP
      233 South Wacker Drive, Suite 8000
      Chicago, Illinois 60606
      Telephone:  312.460.5000
      Facsimile:   312.460.7000

      *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2026, I caused the foregoing document to be filed with the

Clerk of the Court via the CM/ECF system, which will electronically serve upon all counsel of

record.

Hon. Joseph D. Gaines
GORSKI LAW OFFICE, P.S.C.
161 St. Matthews Avenue, Suite 7
Louisville, Kentucky  40207
E: josephdgaineslaw@gmail.com


*/s/ Kathleen C. Tranter*
Kathleen C. Tranter


326033896v.5